the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court confirmed a Hearing Examiner's finding that, although respondent's basic child support obligation under the Child Support Standards Act (CSSA) is $98.28 per week, it is unjust and inappropriate and should be reduced to $80 per week based solely upon consideration of the factor set out in section 413 (1) (f) (8) of the Family Court Act. Neither Family Court nor the Hearing Examiner, however, made the findings necessary to justify the reduction. There was no finding regarding the needs of the children residing in respondent's household. There was no consideration of the financial resources of respondent's household and no finding that the resources available to support children in respondent's household are less than the resources available to support the child who is the subject of the instant action.

The court also erred in ordering respondent to pay only 50% of the future reasonable health care expenses of the child not covered by insurance. The court should have prorated respondent's share of such expenses in the same proportion as his income was to the combined parental income (see, Family Ct Act § 413 [1] [c] [5]), which was approximately 71%.

Accordingly, we conclude that respondent's basic support obligation under the CSSA is $98.28 per week and that he shall be responsible for 71% of health care expenses of the child not covered by insurance. (Appeal from Order of Monroe County Family Court, Maas, J.—Child Support.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.

■ In the Matter of MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ESTELLA PETTWAY and Another, Appellant, v CLARITHA PETTWAY, Respondent.—Order unanimously affirmed without costs (see, Matter of Monroe County Dept. of Social Servs. v Kearse, 181 AD2d 1062 [decided herewith]; Matter of Beaudoin v Joseph K., 165 AD2d 359). (Appeal from Order of Monroe County Family Court, Bonadio, J.—Child Support.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.

■ MARY K. O'CONNELL, Respondent, v MAX JACOBS et al., Individually and as Parents and Natural Guardians of SETH JACOBS, an Infant, Defendants, and SETH JACOBS, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal

from Judgment of Supreme Court, Erie County, McGowan, J. —Personal Injuries.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.

 MARY K. O'CONNELL, Respondent, v MAX JACOBS et al., Individually and as Parents and Natural Guardians of SETH JACOBS, an Infant, Defendants, and SETH JACOBS, Appellant. (Appeal No. 2.)—Amended judgment reversed on the law without costs and complaint dismissed. Memorandum: On March 20, 1980, plaintiff suffered severe personal injuries when she was allegedly beaten in her bed on the third floor of the residence of Max and Helen Jacobs. Plaintiff had no independent recollection of the circumstances that led to her injuries and was unable to identify her attacker. Plaintiff commenced this action against the Jacobs' son, Seth, who was 15 years of age at the time of the incident, for assault and battery and negligence, and against the Jacobs for negligent supervision of Seth.

Following the close of proof at the jury trial, the court dismissed the negligence cause of action asserted against Seth. The jury returned a special verdict in favor of plaintiff against Seth on the assault and battery cause of action and awarded plaintiff damages in the total sum of $800,000. The jury rendered a verdict in favor of Max Jacobs and Helen Jacobs on the cause of action asserted against them.

Although it is tragic that plaintiff suffered such injuries and is deserving of compensation, we reluctantly conclude that the jury verdict against Seth for assault and battery cannot be sustained because there is no evidence to support the finding that defendant Seth battered the plaintiff. The only possible basis for such a finding is Officer Donovan's testimony, in response to a question whether at the time of the investigation he had any suspects, that he felt that Max or Seth was "capable" of the attack. No basis for his suspicion, however, is contained in the record. In fact, all of the police officers, including Officer Donovan, testified that they were aware of no evidence to connect Seth with the crime. Officer Donovan's suspicions that Seth may have been the perpetrator are probative of nothing and that testimony was improperly admitted. Because there is no evidence to support a finding that Seth battered the plaintiff, his motion for a directed verdict should have been granted.

Furthermore, it is undisputed that there were six people besides the victim sleeping at the Jacobs' house on the night plaintiff was attacked. Two young children could reasonably have been excluded as possible perpetrators. There is some